THOMPSON, J.
 

 The plaintiff is one of seven heirs of Joseph Planas, Sr., who died in this city on April 28, 1920, and he brings this suit against the other six heirs each for one-seventh of $2,550, which amount he claims was due him by the succession of his father.
 

 The senior Planas owned and operated a grocery estáblishment and saloon, and the plaintiff alleges that his father employed him as clerk from January 20, 1917, to April 28, 1920, with the understanding that as compensation for his services his father would bequeath him the said grocery business in his last will and testament.
 

 It- is further alleged that, as his father left no will, he is entitled to recover for his services on a quantum meruit at the rate of $15 per week for the entire time within the dates mentioned.
 

 
 *1079
 
 The defendants pleaded a general denial, and on a trial the plaintiff’s demand was rejected.
 

 The testimony of the plaintiff at the trial is at variance with the allegation of his petition with respect to the promise made by plaintiff’s father and the manner in which the plaintiff claims he was to be compensated. While the petition alleges that plaintiff’s father was to make him a remunerative donation in his will, he testified on the trial that he was working to build the business up, to help his father out, and to benefit himself. When asked how he was to benefit by his work and building the business up, he answered:
 

 “By getting my compensation that he promised me, that if I made a success he would see I would get what was coming to me, he would turn the business over to me and make me boss, which he did later on verbally when he took sick.”
 

 “He didn’t deed it. Verbally he said, ‘Run it to suit yourself; I can’t do nothing; I am down and out.’ ”
 

 It is shown that shortly after the death of Joseph Planas, Sr., the grocery business, including some movables, was sold out by consent of all parties for $2,741.85; that the debts due by the business amounted to $2,071.29; and that the plaintiff received his share of the net proceeds of the sale.
 

 So that, if the plaintiff was to have the business as his own in ease he succeeded in building it up, as he testified, it follows that if he was unsuccessful and failed in the respect stated he has no claim for compensation either against the succession or against his co-heirs.
 

 The evidence shows that the plaintiff’s father was in bad health for several years immediately preceding his death, and was unable to attend
 
 to
 
 the grocery business; that when the plaintiff assumed control of the business there was a very good stock in trade, considerably more than there was at the time of the old man’s death. There were scarcely no bills owing by the business at the time plaintiff took charge, whereas at the death of his father the business owed over $2,000. With these facts in view it can hardly be claimed that the plaintiff had managed the business successfully and as a prudent man would do.
 

 Moreover, it is in evidence that the plaintiff and his wife lived in the house with the plaintiff’s father for the three years for which he claims compensation; that they obtained their living from the business, for the plaintiff had no other source of revenue; and that the plaintiff during all these years hazarded and lost considerable money at the races.
 

 The plaintiff had exclusive control of the business. .He kept no books and no account of the business. He made no record of the receipts and disbursements in connection with the business, and necessarily was unable to give any account whatever of his stewardship'.
 

 In view of all these facts, a court of justice could hardly be expected to render a judgment for so large an amount as the plaintiff claims against the succession of his father, whose lips are closed in death.
 

 The plaintiff’s demand, founded mainly on his own testimony, has not been made even probable, let alone with that high degree of certainty exacted by law.
 

 It is needless to refer to and quote the evidence in detail. The case presents purely a question of fact, and a review of the testimony has satisfied us of the correctness of the conclusion of the trial judge.
 

 The judgment is affirmed.
 

 ROGERS, J., recused.